PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 9688 POPLAR COURT, LIVE OAK, CALIFORNIA, SUTTER COUNTY, APN: 06-670-016, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:12-CV-01082-JAM-DB<br><br>FINAL JUDGMENT OF FORFEITURE |

　　　Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

　　　1.　　This is a civil forfeiture action against real property located at 9688 Poplar Court, Live Oak, California, Sutter County, APN: 06-670-016 ("defendant property"), and more fully described as:

> LOT 39, AS SHOWN ON THAT CERTAIN MAP ENTITLED "PENNINGTON RANCH UNIT NO. 1", FILED FOR RECORD AUGUST 6, 2004, IN BOOK 16 OF SURVEYS, PAGES(S) 207, SUTTER COUNTY OFFICIAL RECORDS EXCEPTING THEREFROM ALL OIL, GAS AND OTHER MINERAL RIGHTS AS RESERVED IN THE DEED FROM CAPITAL COMPANY, A CORPORATION, RECORDED JUNE 22, 1944 IN BOOK 204, PAGE 287 OF OFFICIAL RECORDS.

　　　2.　　A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on April 23, 2012, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), and 18 U.S.C. § 981(a)(1)(A).

3. On May 23, 2012, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on May 26, 2012, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on July 3, 2012.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

    a. Mariano Vallejo

    b. Maricela Aceves

6. On May 15, 2012, Mariano Montenegro Vallejo filed a claim alleging an interest in the defendant property. On May 18, 2012, Maricela Aceves filed a claim alleging an interest in the defendant property. No Answers have been filed by the claimants. A Stay was entered on June 21, 2012, staying the case pending the resolution of the related criminal case, United States v. Mariano Montenegro Vallejo, 2:12-CR-00156-JAM.

7. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimants Mariano Montenegro Vallejo and Maricela Aceves, and all other potential claimants who have not filed claims in this action.

3. All right, title, and interest of Mariano Montenegro Vallejo and Maricela Aceves in the real property located at 9688 Poplar Court, Live Oak, California, Sutter County, APN: 06-670-016 shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), and 18 U.S.C. § 981(a)(1)(A), to be disposed of according to law.

4. Upon entry of this Final Judgment of Forfeiture, the U.S. Marshals Service ("USMS") shall be authorized to sell the defendant property. The USMS (or a designee) shall list the defendant

property for sale and shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

5. The USMS shall have the defendant property appraised by a licensed appraiser of its choosing. The USMS and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours' telephonic notice.

6. The USMS shall deduct their costs incurred to date of close of escrow, including the cost of posting, service, advertising, and maintenance from the net proceeds after payment of the costs associated with selling the property, unpaid property taxes, and any liens or judgments owed prior to recording of Lis Pendens. The United States may pay any such lien or encumbrance at its sole discretion.

7. The United States will receive the remaining net proceeds from the sale of the defendant property. All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), and 18 U.S.C. § 981(a)(1)(A), to be disposed of according to law.

8. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

9. Claimants Mariano Montenegro Vallejo and Maricela Aceves represent that they will not take any action, or cause any other person to take any action, to damage or modify the defendant property from its present condition or other action that may result in a reduction in value of the defendant property.

10. Claimants Mariano Montenegro Vallejo and Maricela Aceves shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed upon 72 hours' notice by the USMS will be disposed of by the United States without further notice.

11. The United States and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the

defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant property with the Complaint, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

12. Each party shall bear his or her own costs and attorney's fees.

13. The U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

14. Based upon the allegations set forth in the Complaint filed April 23, 2012, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant property, and for the commencement and prosecution of this forfeiture action.

SO ORDERED THIS 27th day of December, 2016

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge